UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

RONTAVIOUS CLARK,                    )
                                     )
              Petitioner,            )
                                     )
        vs.                          )          Case No. 1:18CV146 RLW
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Respondent.            )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Rontavious Clark's Motion to Vacate, Set

Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1).   This matter is fully

briefed and ready for disposition.

## BACKGROUND FACTS

On June 20, 2017, ATF Special Agent Robert Martin was working with a Confidential

Informant ("CI"), who was attempting to purchase methamphetamine in Charleston, Missouri.[1]

The CI contacted Petitioner Rontavious Clark ("Clark") and arranged to purchase two ounces of

methamphetamine from Clark for $900.   After being supplied with $900 by United States agents,

the CI rendezvoused with Clark at the meeting spot.   Clark gave the CI a sample of the   purported

methamphetamine.   Thereafter, Clark returned to the CI's car with his associate Marquez Ware.

Clark sat in the front seat and Ware sat in the back seat.   The CI noted that the baggie of white

substance produced by Clark was not actual methamphetamine.   When the CI complained to

Clark regarding the quality of the purported methamphetamine, Clark and Ware drew handguns

and demanded $900 from the CI.   The CI gave Clark the $900, which was property of the United

---

[1] Petitioner Rontavious Clark admitted these background facts at the time of his change of plea on
June 20, 2017.

States government.   Clark took the baggie of white powder, the CI's cellular phone, and the CI's digital scale.   Clark later admitted he robbed the CI of $900 and used to handgun in conjunction with the robbery.

On November 20, 2017, Petitioner Rontavious Clark pleaded guilty to Theft of United States Personal Property by Robbery, in violation of 18 U.S.C. §2112 (Count I) and Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c) (Count II).   *See United States v. Clark*, 1:17CR74 RLW.   On February 20, 2018, the Court sentenced Clark to an aggregate 108-month term of imprisonment. He was sentenced for 24 months for theft by robbery on Count I, and to a consecutive 84-month term of imprisonment for the §924(c) charge on Count II.

On June 15, 2018, Clark filed this §2255 habeas action, asserting that he was actually innocent "owing to recent case law develop and decisions from the United States Supreme Court." (ECF No. 1 at 5).   That is, Clark maintains that theft of U.S. personal property by robbery under 18 U.S.C. §2112 is not a "crime of violence" for purposes of §924(c).   (ECF No. 1 at 5 (citing *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018)).

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the Court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."   *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(internal citations omitted).   To warrant relief under §2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Hill v. United States*, 368 U.S. 424, 428-29 (1962).

## DISCUSSION

### I.    Waiver

As an initial matter, Clark waived his right to file a §2255 habeas motion on all grounds other than prosecutorial misconduct and ineffective assistance of counsel. *See* Case No. 1:17CR74 RLW, ECF No. 59 at 7.    The Eighth Circuit has recognized that defendants can waive their right to habeas review, similar to a waiver of appellate review.   *See United States v. Andis*, 333 F.3d 886, 887, n.3 (8th Cir. 2003) (citing *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) ("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context.").

The Eighth Circuit stated that Courts can "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice."   *Andis*, 333 F.3d at 891.   A miscarriage of justice may occur where there is an "illegal sentence." *Id.*   "A sentence is illegal when it is not authorized by law; for example, when the sentence is 'in excess of a statutory provision or otherwise contrary to the applicable statute.'" *United States v. Peltier*, 312 F.3d 938, 942 (8th Cir. 2002) (quoting *United States v. Huss,* 520 F.2d 598, 602 (2d Cir.1975)); *see also United States v. Golay,* 560 F.2d 866, 871 (8th Cir.1977). "A sentence is not illegal if the 'punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, [or] the terms of the sentence itself [are not] legally or constitutionally invalid in any other respect.'" *Peltier*, 312 F.3d at 942 (quoting *Hill v. United States,* 368 U.S. 424, 430 (1962)).

Clark has not demonstrated that any of these exceptions apply.   Therefore, the Court denies his habeas petition based upon his valid waiver of his collateral-attack rights in the plea agreement.

## II.   Theft of Personal Property by Robber in Violation of 18 U.S.C. §2112 is a Crime of Violence Under §924(c)(3)(A)

In *Sessions v. Dimaya*, the United States Supreme Court held that 18 U. S. C. §16(b), which defines "violent felony" for purposes of the Immigration and Nationality Act's removal provisions, is unconstitutionally vague.  138 S. Ct. 1204 (2018).  The *Dimaya* case dealt with whether Section 16(b), the residual clause, was unconstitutionally vague. 18 U.S.C. §16(b)'s definition of crime of violence included any felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  In the instant case, Clark pleaded guilt to theft of U.S. property by robbery in violation of 18 U.S.C. §2112, a crime of violence under §924(c)(3)(A)'s force/elements clause—not §924(c)(3)(B).  Section 924(c)(3)(B) is nearly identically worded §16(b), which was at issue in *Dimaya*.  As a result, *Dimaya* provides no authority for the Court to grant habeas relief to Clark.

Under 18 U.S.C. §924(c)(3)(A) a crime of violence is one that "has an element, the use, attempted use, or threatened use of physical force against the person or property of another."  As previously discussed, Clark pleaded guilty to theft of U.S. property by robbery under 18 U.S.C. §2112, which provides "[w]hoever robs or attempts to rob another of any kind or description of personal property belonging to the United States, shall be imprisoned not more than fifteen years." The Supreme Court clarified that "Congress made clear that the 'force' required for common-law robbery would be sufficient to justify an enhanced sentence under the new elements clause." *Stokeling v. United States*, 139 S. Ct. 544, 551 (2019).  Since that decision, the Eighth Circuit recognized that a common law robbery conviction is a crime of violence under the elements clause because it requires "force sufficient to overcome a victim's resistance." *United States v. Sykes*, 914 F.3d 615, 620 (8th Cir. 2019). As a result, the Court holds that robbery under 18 U.S.C. §2112

qualifies as a crime of violence under the elements/force clause of §924(c). *United States v. Morris*, 775 F. App'x 828 (8th Cir. 2019) ("Morris's conviction under 18 U.S.C. § 2112 is a crime of violence").    Petitioner's habeas motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Rontavious Clark's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1) is **DENIED** with prejudice. Petitioner's case is **DISMISSED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 24th day of August, 2021.

_Ronnie L. White_
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE